and answered in the Attorney General's brief. Suffice to say, none of the assignments discloses prejudicial error or presents a question of sufficient merit to require or warrant discussion. The jury, on uncontradicted evidence, found the alleged (serious and despicable) crime was committed; and, on conflicting evidence, found said crime was committed by these defendants.

No error.

R. B. STOKES CONCRETE COMPANY v. WARREN B. WARDEN, AND WIFE, CHARLOTTE L. WARDEN.

(Filed 9 November, 1966.)

APPEAL by plaintiff from *Brock, S.J.,* May 1966 Nonjury Session of WAKE.

Small claim adjudicated under G.S. 1-539.3 *et seq.*

Plaintiff R. B. Stokes, the sole proprietor of R. B. Stokes Concrete Company, instituted this action to recover a balance of $671.71 allegedly due him for constructing "certain concrete walkways and other work" on defendants' premises. Defendants denied that they were indebted to plaintiff in any amount and alleged a counterclaim against him in the amount of $1,000.00. They averred that a swimming pool and the walks surrounding it, which plaintiff had constructed for them, contained defective materials and workmanship.

Plaintiff's evidence tended to show: On May 16, 1963, plaintiff contracted to construct a swimming pool for defendants at a cost of $4,600.00. He guaranteed the work for one year and agreed to give defendants a first-class job, and he performed his agreement. After the pool was finished, the parties entered into another contract for additional work on walkways and for "work under the house and the front yard." The cost of this additional work was $1,713.05. Plaintiff has made every reasonable effort to satisfy defendants, but Mr. Warden is a perfectionist who cannot be satisfied. The total unpaid balance due plaintiff on both contracts is $671.71 with interest from October 1, 1963.

The evidence for defendants tended to show: Contract specifications for the walks which plaintiff agreed to construct called for a drop of one inch in eight feet. The sidewalks were not so constructed but were put in "reasonably flat." As a result, water was trapped and "birdbaths" were created. After the first winter, cracks appeared in the corners of the swimming pool; some tiles cracked

and paint chipped. Other defects were also enumerated. Defendants estimate that "75 to 80% of the jointed line area all the way around the pool" was defective in one way or another. Plaintiff promised to remedy the defects but failed to do so. Mr. Warden illustrated his testimony with colored slides showing the pool and the walks. One of his witnesses estimated that it would cost $1,037.40 to repair the defects.

Judge Brock answered the issues raised and entered judgment that defendants were entitled to recover $325.00 from plaintiff and that plaintiff was entitled to recover nothing of defendants. Plaintiff appeals.

*Allen W. Brown for plaintiff.*
*Poyner, Geraghty, Hartsfield & Townsend by Marvin D. Musselwhite, Jr., for defendants.*

PER CURIAM. This case involved only a factual dispute, which the judge has resolved. The assignments of error disclose no error of law.

The judgment is
Affirmed.

JOSEPH LICHTENFELS, JOHANNA L. ABRAHAMS, CAROLYN L. GREEN, AND HELEN L. GUMPERT v. NORTH CAROLINA NATIONAL BANK, A CORPORATION.

(Filed 23 November, 1966.)

**1. Trusts § 7—**

　　A trustee, in the management, investment and reinvestment of the trust property, will not be held liable to the beneficiaries for the difference between the value of the *corpus* of the trust at the time of distribution and the value it would have had, in the light of hindsight, if the trustee had sold certain stock of the estate and reinvested, but the trustee may be held liable only for losses resulting from its failure to act in good faith or its failure to use ordinary care and reasonable diligence in the management of the estate.

**2. Same—**

　　Where the trustor fixes rules for the exercise of discretionary power in the trustee to invest and reinvest the trust property, the trustee must follow the trustor's directive unless such directive becomes impossible of performance, or is illegal, or there is such a change of circumstances as to justify or require a deviation therefrom.